**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Brett & Ginieva Provencher, | : |
| | : Civil Action No.: _____ |
| Plaintiffs, | : |
| v. | : |
| | : |
| Portfolio Recovery Associates, L.L.C.; and | : **COMPLAINT** |
| DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

For this Complaint, the Plaintiffs, Brett & Ginieva Provencher, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Brett & Ginieva Provencher ("Plaintiffs"), are adult individuals residing in Lynn, Massachusetts, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Portfolio Recovery Associates, L.L.C. ("Portfolio"), is a Delaware business entity with an address of 120 Corporate Boulevard, Norfolk, Virginia 23502, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Portfolio and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Portfolio at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiffs incurred a financial obligation in the approximate amount of $1,604.00 (the "Debt") to Capital One (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Portfolio for collection, or Portfolio was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.  Portfolio Engages in Harassment and Abusive Tactics**

12.     Within the last year, Portfolio contacted the Plaintiffs in an attempt to collect the Debt that is past the Statute of Limitations. The last activity on the account took place in 2000.

13.     On or around October 16, 2011 Portfolio called Plaintiff's residential phone line and spoke with Ginieva.

14.     Portfolio failed to inform Ginieva that the communication was an attempt to collect a debt and everything she said would be used for that purpose.

15.     Portfolio stated that Brett owed a debt to the Creditor and threatened to "take further action" if Plaintiffs fail to pay the Debt.

16.     On or around October 19, 2011, in a conversation with Kevin Gates, a representative of Portfolio, Brett requested that Portfolio send him proof of the Debt. Mr. Gates stated:"We don't have to send you proof of debt. The burden of proof is on you."

**C.  Plaintiffs Suffered Actual Damages**

17.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I
VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

25.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## <u>COUNT II</u><br><u>VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,</u><br><u>M.G.L. c. 93A § 2, et seq.</u>

27.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28.      The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

29.      Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiffs are entitled to double or treble damages plus reasonable attorney's fees.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30.     The Plaintiffs incorporate by reference all of the above paragraphs of this

Complaint as though fully stated herein.

31.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as,

"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs

or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be

highly offensive to a reasonable person."

32.     Massachusetts further recognizes the Plaintiffs' right to be free from invasions of

privacy, thus Defendant violated Massachusetts state law.

33.     The Defendant intentionally intruded upon Plaintiffs' right to privacy by

continually harassing the Plaintiffs with calls to their residential phone line.

34.     The conduct of the Defendant in engaging in the illegal collection activities

resulted in multiple invasions of privacy in such a way as would be considered highly offensive

to a reasonable person.

35.     As a result of the intrusions and invasions, the Plaintiffs are entitled to actual

damages in an amount to be determined at trial from Defendant.

36.     All acts of Defendant and its agents were committed with malice, intent,

wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

   against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

   § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L.

   c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional

   distress suffered as a result of the intentional, reckless, and/or negligent

   FDCPA violations and intentional, reckless, and/or negligent invasions of

   privacy in an amount to be determined at trial for the Plaintiffs;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 25, 2011

                              Respectfully submitted,

                              By   /s/ Sergei Lemberg

                              Sergei Lemberg (BBO# 650671)
                              LEMBERG & ASSOCIATES L.L.C.
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (203) 653-3424
                              Attorneys for Plaintiffs